41 F.3d 1509
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kevin R. WRIGHT, Plaintiff-Appellant,
v.
Mary Lou SWEETON, Defendant-Appellee.
 No. 94-1629.
 United States Court of Appeals, Sixth Circuit.
 Nov. 14, 1994.
 
 1
 Before: NORRIS and SUHRHEINRICH, Circuit Judges, and MILES, District Judge.*
 
 ORDER
 
 2
 Kevin R. Wright moves the court for the appointment of counsel on appeal from a grant of summary judgment for defendant in this civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Wright sued the defendant physician's assistant employed at the Jackson Regional Clinical Complex in Jackson, Michigan, alleging that she was deliberately indifferent to his serious medical needs. Wright sued defendant in her official and individual capacities and sought two million dollars in unspecified damages. Defendant moved to dismiss the complaint or for summary judgment, and Wright responded in opposition. The magistrate judge recommended that summary judgment for defendant be granted, and Wright filed objections. The district court adopted the magistrate judge's recommendation and granted summary judgment for defendant.
 
 
 4
 On appeal, plaintiff contends that defendant prevented him from receiving proper medical treatment for a back injury he suffered. Defendant responds that plaintiff failed to show a genuine issue of material fact remaining for trial with respect to his Eighth Amendment claim and that she is entitled to qualified immunity.
 
 
 5
 A grant of summary judgment will be reviewed de novo on appeal. Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to [a] judgment as a matter of law." Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988) (quoting Fed.R.Civ.P. 56(c)). Only factual disputes which may have an effect on the outcome of a lawsuit under substantive law are "material." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To be "genuine," a dispute must involve evidence upon which a jury could find for the nonmoving party. Id. The burden is upon the moving party to show that "there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Thereafter, the nonmoving party must present significant probative evidence in support of the complaint to defeat the motion. Anderson, 477 U.S. at 249-50. The nonmoving party is required to show more than a metaphysical doubt as to the material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).
 
 
 6
 Upon consideration, we affirm the judgment for the reasons stated in the magistrate judge's report and recommendation filed April 6, 1994, and adopted by the district court in its order filed May 10, 1994. Essentially, plaintiff did not present significant probative evidence showing a genuine issue of material fact remaining for trial with respect to whether his injury was sufficiently serious or whether defendant's conduct was sufficiently culpable to support an Eighth Amendment claim after defendant showed the absence of evidence to support plaintiff's case. See Caldwell v. Moore, 968 F.2d 595, 602 (6th Cir.1992) (citing Wilson v. Seiter, 111 S.Ct. 2321, 2323 (1991)). Accordingly, summary judgment for defendant on this basis was proper, and defendant's claim that she is entitled to qualified immunity need not be addressed.
 
 
 7
 Therefore, the motion for counsel is denied, and the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Wendell A. Miles, U.S. District Judge for the Western District of Michigan, sitting by designation